E-FILED
Friday, 29 January, 2016  11:38:51 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONY BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.:  15-1108 |
| | ) | |
| KIMBERLY BUTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on Petitioner, Antony Bell's ("Bell"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, Respondent's Answer, and Petitioner's Traverse. For the reasons set forth below, the Petition [1] is DENIED.

### Background

Petitioner is an inmate at Menard Correctional Center in Menard, Illinois under the custody of Warden Kimberly Butler. Following a jury trial in the Circuit Court of Knox County, Illinois, Bell was convicted of first-degree murder and sentenced to 32 years' imprisonment.

#### Direct Appeal

On appeal, Bell argued that he should receive a new trial because the testimony of two witnesses presented in post-trial motions constituted newly-discovered evidence that would likely have produced a different result in the outcome of the trial. His conviction was affirmed, and he filed a Petition for Leave to Appeal to the Illinois Supreme Court raising the same claim. His PLA was denied on September 30, 2009.

1

**Post-Conviction Proceedings**

On March 29, 2010, Petitioner filed a *pro se* post-conviction petition for relief pursuant to 725 ILCS 5/122-1. This Petition argued: (1) he did not receive a fair trial where the court did not dismiss jurors who had nodded off during testimony; (2) he was denied a fair trial where the jury panel heard a prospective juror say that a newspaper article had alluded to his guilt; and (3) he received ineffective assistance of counsel.

Counsel then filed an amended post-conviction petition arguing: (1) the court erred in denying two motions to strike potential jurors for cause; (2) he was denied due process where the court refused to strike a jury panel that had been tainted by the statements of a prospective juror that news reports had indicated his guilt; (3) the court failed to replace a juror that had been sleeping through testimony; (4) he was denied his right to testify based on erroneous advice from counsel; (5) the court refused to allow testimony regarding the presence of cocaine and related substances in the victim's body at the time of the shooting; (6) trial counsel was ineffective for various reasons, including failing to lay a proper foundation, such as through expert testimony, to admit the toxicology report showing drugs in the victim's system; (7) appellate counsel was ineffective for failing to raise the above issues; (8) matters raised that were based on matters outside the record could not have been raised previously; and (9) the cumulative effect of these errors deprived him of the right to a fair trial. The trial court denied the petition.

Bell appealed, claiming only that trial counsel was ineffective for failing to lay a proper foundation for the toxicology report. His claim was rejected by the Illinois Appellate Court. He filed a PLA to the Illinois Supreme Court raising this same claim,

2

as well as a claim that post-conviction counsel was ineffective for failing to raise the sleeping juror claim, which was denied on November 26, 2014.

**Federal Habeas Petition**

On March 17, 2015, Petitioner filed the instant Petition. Petitioner raises two claims: (1) trial counsel was ineffective for failing to lay the proper foundation to admit a toxicology report showing drugs in Thomas-Lynch's system; and (2) the trial court denied him a fair trial by refusing to replace sleeping jurors. The matter is fully briefed, and this Order follows.

**Discussion**

When presented with a petition for writ of Habeas Corpus pursuant to 28 U.S.C. §2254, a district court must first consider whether the petitioner has exhausted all available state remedies. If the district court determines that the petitioner has not given the state courts a "full and fair opportunity to review" the claims in its own judicial process prior to petitioning for federal review, the petition is barred for failure to exhaust state remedies and the district court cannot address the merits of the constitutional claims. Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (citations omitted); *see also* 28 U.S.C. § 2254(b).

In order for exhaustion to occur, the petitioner must assert each of the federal claims to be brought in his habeas corpus petition at each and every level in the state court system. Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citations omitted). This can be done on direct appeal or in post-conviction proceedings, but the petitioner must present the state judiciary with "both the operative facts and the legal principles that control each claim." Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (citations

omitted).  Additionally, "an applicant shall not be deemed to have exhausted the remedies available to the courts of the State…if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Procedural default occurs when the petitioner had a claim that could have been presented to the state court but was not, and cannot, at the time the federal petition is filed, be presented to the state court. Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995) (citation omitted). This can happen in one of two ways. First, procedural default can occur when a petitioner fails to pursue each appeal required by state law, or when he did not assert in state court the claims raised in the federal habeas corpus petition. Jenkins v. Gramley, 8 F.3d 505, 507-508 (7th Cir. 1993); Stone v. Farley, 86 F.3d 712, 716 (7th Cir. 1996). The second way procedural default may occur is when a state court decides the case on "an independent and adequate" state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991). A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010) *citing* U.S. v. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001). A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied. Id. *citing* Franklin v. Gilmore, 188 F.3d 877, 882 (7th Cir. 1999).

Federal courts will not review claims that are procedurally defaulted unless the petitioner can demonstrate "cause and prejudice" to excuse the fault. Dretke v. Haley, 541 U.S. 386, 388 (2003). Cause sufficient to excuse procedural default is "some objective factor external to the defense" which prohibits him from pursuing his

constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). It is also possible to get review of procedurally defaulted claims in federal courts if the petitioner can demonstrate a sufficient probability that the failure to review would result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 478.

If a claim has not been barred for failure to exhaust or for procedural default, the district courts must apply a strict analysis. 28 U.S.C. §2254(d) bars relitigation of any claim previously "adjudicated on its merits" in state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of facts in light of the evidence presented in the State court proceedings.

28 U.S.C. 2254(d). *See also* Williams v. Taylor, 529 U.S. 362, 402-404 (2000); Harrington v. Richter, 131 S.Ct.770, 784 (2011).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997). In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices,

"even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Respondent first argues that Bell's sleeping juror claim should be deemed procedurally defaulted.  The Court notes that the claim was not presented to the Illinois Appellate Court on appeal from denial of his post-conviction petition.  Petitioners are required to present each issue through one complete round of state court review, and the failure to do so results in procedural default.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Gaetz, 565 F.3d 346, 352 (7th Cir. 2009); Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007).

Petitioner argues that his default should be excused because his appellate counsel was ineffective.  While ineffective assistance of counsel could provide cause to excuse the default of the claim, ineffective assistance of appellate counsel is an independent constitutional claim that must have been exhausted in order to qualify as cause.  Lemons, 54 F.3d at 357.  Bell attempts to excuse his appellate counsel's ineffectiveness by passing the blame to post-conviction counsel.  However, the Seventh Circuit has held that there is no constitutional right to effective assistance of counsel in post-conviction proceedings, so that claim cannot serve as cause to excuse procedural default of the ineffective assistance of appellate counsel claim.  Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996); Coleman, 501 U.S. at 752-53.  Accordingly, Petitioner has failed to demonstrate sufficient cause to excuse his procedural default of his second claim.  He has likewise

failed to properly assert a fundamental miscarriage of justice as an alternative avenue to excuse his procedural default, and his claim will not be addressed on the merits.

Bell's claim that he received ineffective assistance of counsel regarding the admission of the toxicology report was properly preserved for federal review. Habeas corpus proceedings are designed to remedy state court decisions that resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

Here, the Illinois Appellate Court applied the seminal case on ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

In addressing this claim on appeal, the Illinois Appellate Court found:

> To prevail on a claim of ineffective assistance of counsel,
> defendant must show that: (1) counsel's performance was

so deficient that it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Manning*, 241 Ill.2d 319 (2011); *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant's failure to satisfy either prong defeats a claim of ineffective assistance. *People v. Graham*, 206 Ill.2d 465 (2003). Thus, if the claim can be disposed of on the ground that the defendant suffered no prejudice, the reviewing court need not determine whether counsel's performance was deficient. *Id.*

Here, even assuming trial counsel's failure to lay a foundation for the toxicology report was objectively unreasonable, we find that defendant's claim must fail because he cannot show a reasonable probability that the outcome of the trial would have been different had the toxicology report been admitted into evidence. Defendant argues that if the jury was informed that Thomas-Lynch had cocaine in his system, they may have credited his account that Thomas-Lynch was the aggressor. As such, defendant attempts to introduce Thomas-Lynch's cocaine use to show his character for violence.

When the theory of self-defense is raised in a homicide or battery case, evidence of the victim's aggressive and violent character is relevant to show who the aggressor was, and defendant may show it by appropriate evidence. (Internal citations omitted) Evidence of a victim's violent character may be offered either: (1) to show that defendant's knowledge of the victim's violent tendencies affected his perceptions of an d reactions to the victim's behavior; or (2) to support defendant's version of the facts when there are conflicting accounts of what happened. *[People v.] Lynch*, 104 Ill.2d 194 [(1984)].

Here, defendant attempts to introduce the toxicology report to show Thomas-Lynch was more likely to be the aggressor in order to justify his use of deadly force. However, this report falls short of the methods to prove character evidence under Rule 405 through reputation or opinion testimony or specific instances of Thomas-Lynch's prior violent conduct. Instead, defendant would like the jury to infer that because Thomas-Lynch used cocaine, he was more likely to be the aggressor, relying on his affidavit that Thomas-Lynch tended to be more violent when using

8

cocaine and research studies showing a correlation between cocaine use and aggression. This supporting evidence does not tend to show that Thomas-Lynch was more likely to be the aggressor on the day of the shooting because there is no indication what quantity of cocaine would increase Thomas-Lynch's aggression or the type of violence he exhibited when using cocaine in combination with marijuana.

At trial, however, the jury was presented with evidence specifically relating to Thomas-Lynch's conduct on the day of the incident. In defendant's statements to police, he claimed Thomas-Lynch threatened to kill Mixon and everyone on the balcony. Defendant also stated that he believed Thomas-Lynch had a gun, and he thought Thomas-Lynch would shoot him when he reached for his shirt. Martinez supported defendant's claim when he testified that Thomas-Lynch was yelling at Mixon, had an aggressive look on his face, and challenged Mixon to a fight. Martinez also testified that when Thomas-Lynch placed his hand under his shirt like he was reaching for something, defendant fired the gun. The jury was also presented with Davis' testimony that prior to the shooting, Thomas-Lynch did not yell and was not threatening. Davis also stated that when defendant pulled out a gun, Thomas-Lynch began retreating down the stairs. Additionally, none of the witnesses, including defendant, saw Thomas-Lynch with a gun.

The jury considered this evidence and determined that defendant did not reasonably believe he was in imminent danger of death or great bodily harm. Even if the toxicology report had been admitted, we find no basis for defendant's belief, reasonable or unreasonable, that deadly force was necessary under the circumstances. Other than defendant's affidavit, there was no evidence indicating that Thomas-Lynch was under the influence or that he exhibited conduct that would cause defendant to believe he needed to use deadly force. Instead, the evidence indicated that only defendant had a gun and he repeatedly fired at Thomas-Lynch as he retreated down the stairs. Based on Thomas-Lynch's actual conduct during the incident, we find that admission of the toxicology report would not create a reasonably probability that the result of trial would have been different. As such, defendant cannot show that trial counsel was ineffective. See *People v. Love*, 285

9

> Ill.App.3d 784 (1996) (stating that a defendant cannot show prejudice merely by speculating that the results would have been different if counsel had performed differently.) Therefore, we hold the trial court properly dismissed defendant's postconviction petition.

People v. Bell, 2014 Ill.App.3d 120812-U (Aug. 24, 2014).

Bell argues that the state court applied the wrong standard and should have relied on United States v. Cronic, 466 U.S. 648, 658 (1984). In Cronic, the Supreme Court acknowledged that the right to effective assistance of counsel is recognized because of the effect it has on the accused's ability to receive a fair trial and that there are some circumstances that are so likely to prejudice the accused that prejudice can be presumed. Id. Examples of such circumstances may be found in the complete denial of counsel at a critical stage of the proceedings, counsel entirely failing to subject the prosecution's case to meaningful adversarial testing, or counsel being appointed to a complex case so close to the beginning of trial that he could not have performed as an effective adversary. Id., at 259-61. Bell maintains that his counsel's failure to admit the toxicology report is of equivalent magnitude to make it highly unlikely that he could have provided effective assistance and justify the presumption of prejudice under Cronic.

The Court disagrees. Given the record and the evidence presented at trial, the Court cannot agree that the failure to secure the admission of the toxicology report amounted to a complete denial of Bell's ability to receive a fair trial under Cronic. The report was not admissible to show that Thomas-Lynch was the aggressor under state law, as it was not sufficiently reliable evidence of the victim's character to be admitted. They jury heard evidence supporting the assertion that Thomas-Lynch was behaving aggressively, had made threats, and could have been reaching for a weapon, but did not

10

find this indicative of the assertion of self-defense.   The Illinois Appellate Court clearly applied to proper standard in the form of <u>Strickland</u> and reasonably concluded that there was no reasonable probability that the admission of the toxicology results would have changed the outcome.

Where a claim has been addressed on the merits by the state courts, the scope of federal review is very narrow.  While Petitioner reargues this claim as if it were subject to de novo review, that is not standard for federal habeas review in this circumstance. Bell has not shown, and cannot show, that the appellate court's review of the claim was contrary to, or was an unreasonable application of, Supreme Court law. The appellate court assessed the facts contained in the record regarding the theory of self-defense and arrived at its conclusion reasonably, applying clearly established law in the form of <u>Strickland</u>.

Bell does little more than disagree with the state court's conclusion that he offered only conclusory statements regarding the victim's use of cocaine and aggression, which is insufficient to demonstrate an unreasonable application of the facts in light of the evidence presented at trial.  Such a decision suffices "even if its wrong." *See* <u>Lindh</u>, 96 F.3d at 871, 876-77.  Therefore, the Petition is denied with respect to this claim.

### Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Proceedings states "district court must issue or deny a certificate of appealability (CA) when it enters a final order adverse to the applicant." To obtain a CA, a petitioner must make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  When a district court has rejected the constitutional claim on the merits, § 2253(c) requires the petitioner demonstrate "that

reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court denies a habeas petition on procedural grounds without reaching the underlying constitution claim, a CA should be issued only when the petitioner shows "that jurists would find it debatable whether the petition states a valid claim of a constitutional right and jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Petitioner's arguments were either procedurally defaulted or denied based on the reasonable application of clearly established precedent. Petitioner did not raise any arguments that jurists of reason would find debatable. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 [1] is DENIED.  This matter is now TERMINATED.

ENTERED this 29th day of January, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge

12